PUBLIC SERVICE COMPANY OF COLORADO, Plaintiff,

and

Department of Energy; United States of America, Plaintiffs— Appellants,

v.

Dirk KEMPTHORNE, in his official capacity as Governor of the State of Idaho; State of Idaho, Defendants— Appellees,

Augustine A. PITROLO, Manager, Department of Energy's Idaho Operations Office; James D. Watkins, Secretary of Energy; United States of America, Counter-defendants—Appellants.

No. 03–35470.

D.C. Nos. CV–91–00054–HLR/EJL, CV–91–00035–HLR/EJL.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 5, 2004.

Submitted Dec. 3, 2004.

Decided Dec. 3, 2004.

Before KOZINSKI, FERNANDEZ and CLIFTON, Circuit Judges.

## MEMORANDUM *

The settlement agreement requires the U.S. Department of Energy to "ship all transuranic waste now located at INEL, currently estimated at 65,000 cubic meters in volume." The second clause, with its reasonably specific amount, limits the broad sweep of the first clause. The district court's interpretation, which construed the agreement as applying to all transuranic waste, without limitation as to its amount, gives effect to the first clause only, to the exclusion of the second.

Without knowing how much transuranic waste was stored and how much was buried at the time of the agreement, we cannot determine the amount the Department of Energy is responsible for removing. A construction of the agreement that requires the Department to remove an amount far in excess of 65,000 cubic meters would not comport with the intent of the parties, as memorialized in the agreement. We remand the case for the district court to consider the parties' extrinsic evidence, including the source of the 65,000 cubic meter estimate, in interpreting the contract so as to give effect to the second clause as well as the first. *See Gumport v. AT & T Techs., Inc. (In re Transcon Lines)*, 89 F.3d 559, 568 (9th Cir.1996) (stating that the parol evidence rule "does not prohibit the use of evidence to clarify or to explain ambiguous terms" of a contract).

**REVERSED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).