**UNITED STATES of America, Plaintiff–Counter–Defendant–Appellant,**

v.

**C.L. OTTER, in his official capacity as Governor of the State of Idaho; State of Idaho, Defendants–Counter–Plaintiffs–Appellees.**

No. 06–35661.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2008.

Filed March 17, 2008.

Robert H. Oakley, Esq., DOJ—U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, D. Marc Haws, Esq., USBO—Office of the U.S. Attorney, Boise, ID, Barclay T. Samford, Esq., DOJ—U.S. Department of Justice, Environment & Natural Resources Division, Denver, CO, for Plaintiff–Counter–Defendant–Appellant.

Darrell G. Early, Esq., AGID—Office of the Idaho Attorney General (Boise), Division of Environmental Quality, Boise, ID, for Defendants–Counter–Plaintiffs–Appellees.

Before: FERNANDEZ and BERZON, Circuit Judges, and WRIGHT,* District Judge.

### MEMORANDUM**

The United States appeals the district court's judgment in favor of the Governor of the State of Idaho and the State itself following a bench trial in which the terms of a Settlement Agreement with the United States for the removal of transuranic waste from the State of Idaho [1] were construed in the State's favor. We affirm.

Although the subject matter is somewhat exotic, this case involves nothing more unusual than a simple question of contract interpretation. We previously remanded the case to the district court so that it could receive extrinsic evidence and decide whether the seemingly plain clause "all transuranic waste now located at INEL [Idaho National Engineering Laboratory]" meant something different as used in the Agreement.[2] *See Pub. Serv. Co. of Colo. v. Kempthorne,* 114 Fed.Appx. 346, 347 (9th Cir.2004). The district court did so, and determined that the extrinsic evidence did not lead to a different meaning.[3] It also concluded that Idaho's interpretation of the Agreement created no conflict between the Agreement and an

---

* The Honorable Otis D. Wright II, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Agreement was incorporated into a Consent Order dated October 17, 1995.

2. We held that an ambiguity was created because the clause quoted in the text was followed by the clause "currently estimated at 65,000 cubic meters in volume."

3. In so deciding, the district court applied the usual rules of contract construction. *See Klamath Water Users Protective Ass'n v. Patterson,* 204 F.3d 1206, 1210 (9th Cir.2000); *Kennewick Irrigation Dist. v. United States,* 880 F.2d 1018, 1032 (9th Cir.1989); *U.S. ex rel. Union Bldg. Materials Corp. v. Haas & Haynie Corp.,* 577 F.2d 568, 572–73 (9th Cir.1978); *see also* Restatement (Second) of Contracts (1981) §§ 201–203.

earlier Federal Facilities Agreement and Consent Order ("FFA/CO") that addresses site remediation at INEL. Therefore, the district court gave judgment for the State of Idaho. On this record, we are unable to say that the district court's factual findings were clearly erroneous or that it committed an error of law. *See Tamen v. Alhambra World Inv., Inc. (In re Tamen)*, 22 F.3d 199, 203 (9th Cir.1994).

AFFIRMED.